Good morning, Your Honors. Cara Hartzler on behalf of Mr. Arriaga-Pinon. To find a person guilty of California vehicle theft, a jury doesn't have to decide whether the person was acting as a principal or as an accessory after the fact. Because of this, the statute is indivisible and cannot be a generic theft offense. But even if the court disagrees with that, Mr. Arriaga's record of conviction is virtually identical to the record in Vidal, where this court found that the record documents were insufficient under the modified categorical approach. So, under either theory, Mr. Arriaga is not subject to an eight-level sentencing enhancement and must be resentenced. In Mathis... So, let's assume that we might agree with you on your divisibility analysis. We still have Duane S. Alvarez. How do you think that... I guess your argument is that Mathis makes it so clear that a three-judge panel can overrule another three-judge panel on this issue. That's right. Miller v. Gammey... That's a bit of a large leap for us, of course. I understand that, you know, the court feels some hesitation in overruling another three-judge panel, and that's completely understandable. But Miller v. Gammey was made for cases like this because there's no dispute here that in Duane S. Alvarez, this court applied an entirely different analysis. It looked at the time, as we all did, at whether the statute said X, Y, or Z. And the statute said X, Y, or Z, and so Duane S. Alvarez said it's divisible. Now, after Mathis, we know that we don't use that analysis. We use a completely different analysis that focuses on whether a jury would have to decide unanimously whether the person was a principal or an accessory. And to do that, we look at case law, we look at the text of the statute in a different way than Duane S. did, we look at jury instructions, and in certain cases, we look at a peek at the record documents. So it's hard to imagine two analyses that are more clearly irreconcilable than Mathis and Duane S. Alvarez. And that's why we believe that this court under Miller v. Gammey can actually say, no, Duane S. Alvarez was decided at a time where that used a method that we don't use anymore. And that's essentially our argument, Your Honor. I think if I could just go through the divisibility analysis quickly. Under the case law, which is where we start, we first look at does the California Supreme Court define principals and accessories after the fact as two different crimes? And all of the case law on this says no. Every single case from the California Supreme Court and from the California appellate courts says that 10851 has a single set of elements and is a single offense. And there's never been a different set of elements that has been defined for purposes of an accessory after the fact. So case law clearly falls on our side. And given that, frankly, I don't think the court needs to go any farther. But if the court did go farther, then you look at the jury instructions, which also contains a single set of jury instructions corresponding to those single set of elements. Then you also perhaps look at the text of the statute. And in Mathis, it said you look at the text of the statute not to say whether something was X, Y, or Z. You look at it to say does it set up different penalties? And here, 10851 doesn't. 10851 also includes various illustrative examples. It talks about a party, an accessory, or an accomplice. And those are not necessarily setting forth separate, you know, three separate offenses between a party, an accomplice, and an accessory. So that meshes as well with Mathis's instruction that we look at whether the text of the statute just provides illustrative examples. So under all of those reasons, Your Honor, we believe that the statute is indivisible. The court doesn't, does have the authority to say that Mathis is clearly a reconcilable with Duaneus and does have the ability to say that this cannot be a generic theft offense. Your Honors, if the Court has no other questions at this point, I think I'll just reserve the rest of my time. Very well. Thank you. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. Mark Rahe for the United States. Section 10851 is divisible. And it goes to a sort of a sui generis unique situation that this Court doesn't see often. Most of the time, most questions of divisibility, since Rendon came out and since Mathis came out, deal with the disjunctively phrased statute where the separate parts could, in theory, be different ways to commit the same crime. Here, a principle and an accessory after the fact are two fundamentally different crimes. And my opponent, although she talks about all the various cases, I would direct this Court to this Court's en banc decision in United States versus Vidal, which was decided in 2007. Of course, that's the case that found the statute overbroad on one grounds and one grounds only, that its plain substantive text also reaches accessory after the fact. For four separate pages, from 1077 to 1080, Judge Pius details why accessory after the fact is an entirely different defense. And he says on one hand, attempt, conspiracy, solicitation, aiding and abetting, these are all inchoate offenses that before an offense has even been completed, they go towards contributing to it. On the other hand, accessory after the fact, this has been true through English common law, through the United States common law, by definition, it begins where the principle offense ends. And what it is all about, you do not share the same intent as the principle. At page 1070, I believe 1079, Judge Pius makes that point directly. It is obviously impossible for his mens rea to be the same as that of the felon whom he aids. Accessory after the fact is all about having an intent to hide or shield the principle from prosecution or punishment. Now that said, when one looks to the law, we cited, I believe, Witkin, and Witkin is an authoritative statement of California state law. In its volume one of Witkin, California criminal law, the section introduction to crime, specifically 113, what Witkin goes on to say is that in California, one cannot be a principle, an aider and abetter, anything on that side of the equation, based on the same charged conduct that an accessory after the fact would be found liable. I'm a little confused on that. As I understood it, the prosecution charged in the colloquy, I think, explained the charge to the defendant in the disjunctive, that it would be enough if he committed the crime either way, and then the defendant pleaded, I think, no contest to it. Correct. So why doesn't that mean we don't know from the categorical analysis which way he did it, so we don't know whether it was generic theft or not? Well, that goes to 10851 can be committed in two ways, by either driving or taking a vehicle. But again, that is the acts of a principle, and the exact mental state... I suppose you could be an accessory after the fact. Your friend steals a car, you have nothing to do with it, comes to your house and says, hey, can I park this car in your garage for a while? I notice there's nothing in your garage. And you say, sure. And then he says, the cops may be looking for it, so I want to keep the garage door closed because I stole it. At that point, you're an accessory after the fact if you say yes and close the garage door. Correct. But here's the major distinction, Judge Kleinfeld. In that case, in order to be an accessory, you have to act, you have to have knowledge that a felony is committed, you have to act with the intent to shield that perpetrator from prosecution or punishment. Yeah, that's why I constructed the hypothetical. Exactly. But my point is, in California, when somebody's charged as an accessory after the fact, that specific intent needs to be charged. They need to be given notice of this. This would be a due process violation to say, you know what... What I asked you is a little different. I asked, based on the way the plea colloquy went, why couldn't the defendant be understanding the charge to include that behavior and be pleading no contest because he knows it includes that behavior? Now, it's all totally speculative. There's no reason to think he didn't just steal a car himself. But that's not really the question in these cases.  First of all, that charge to which he's pleading NOLO at that colloquy says absolutely nothing about having an intent to shield the perpetrator from punishment or prosecution. Secondly, I would point out, in Vidal itself, again, Judge Piaz made the point where if somebody, if the prosecution were to proceed on an accessory after the fact theory, they would do so with a modified jury instruction. Let me ask you this, counsel, and I want to focus specifically on this particular statute. Say a bunch of teenagers take their neighbor's car to go for a joyride, and there's, let's say, three teenagers. Are you saying that in California, the driver would be charged the way that Mr. Pignon was charged in this case, but the three other teenagers riding in the car would have to be specifically charged as an accessory after the fact, and the jury would have to be specifically instructed to make that finding under this particular statute, which covers theft of cars, taking to a chop shop, as well as joyriding? Your Honor, I don't know exactly what the charge would be. It would depend on the facts. If four people go to steal a car together, and the three are aiding and abetting and encouraging the one who actually does the driving, and they're along, I believe California law says passengers can be held guilty as principals. If there is an accessory after the fact theory, though, again, Vidal, which is the en banc authority that this panel can't ignore, Judge Pius said, if the prosecution proceeds on an accessory after the fact theory, there would be a modified jury instruction. And that was the end of my answer to Judge Feinfeld. In a guilty plea, then, one would expect to see a modified charge. I'm not sure of that. All the judge says in the plea colloquy is he says, Mr. Pinon, you're charged in count one with unlawful driving or taking of a vehicle in violation of code section 10851A. So the judge really doesn't explain in any detail. He just makes a reference on what is probably a reasonable assumption that the defendant's lawyer has explained to him what section 10851A is. And then you look at 10851, and it includes being an accessory. And we know it includes accessory after the fact from the case law. So why couldn't he be pleading to being an accessory after the fact rather than a principal or accessory before the fact based on what the judge told him he was charged with and his plea to it? Because, again, when he's told what he's charged with, then one looks to the charge. And this isn't a ten-paragraph charge. This isn't a ten-sentence charge. This is maybe a one-sentence charge. At the very end of it, it says absolutely nothing about acting with the intent to shield the perpetrator from prosecution or punishment. And at some point, people are presumed to know the law. If you have a charging document which mentions, excuse me, absolutely nothing about an accessory after the fact theory, I don't see how one could say it's a reasonable inference for somebody to just imagine that out of the blue. And if one reads that in conjunction with the holding in Vidal, which is that, you know, I mean, another point we point out here, Judge Kaczynski made this in his dissent in Vidal. I guess that's the part that I'm having trouble with. Charges are usually made as broadly as possible so that no matter how the defendant violated the statute, the prosecutor will ultimately be able to convict them. And they get narrowed down, if at all, during the plea colloquy or the instructions. In this charge, it just says he committed the crime in violation of 10851A, and it does say that the two of them did unlawfully drive and take a certain vehicle. But I don't see why he couldn't be convicted under that felony complaint, even if he himself did not drive and take the vehicle and was merely an accessory after the fact to it. And my answer to that is because the very last phrase of that charge, and that's at ER 42, says, with intent, either permanently or temporarily, to deprive the said owner of Title II in possession of said vehicle. That doesn't prevent being an accessory after the fact. Respectfully, I disagree, Your Honor. And, again, on page 1079. Listen to the question. In my garage hypothetical, it seems like that intent would fit. Well, I don't know all about hypotheticals, Your Honor. The Supreme Court – Well, you know what a – you went to law school. You know what a hypothetical is. I do, but I'm saying in that – Remember my hypo about the guy whose friend stashes the stolen car in his garage and tells him that this is a stolen car? Right. And why wouldn't that be something that he could be convicted of under this charge? Because he needs to be charged with the intent to shield the perpetrator from prosecution or punishment. Oh, I see. At page 1079 of the Dahl, Judge Pius says, it is obviously impossible – these are his words – impossible for the mens rea of an accessory after the fact to be the same as that of the felon whom he aids. And on page 1080, he therefore could – I remember reading that and thinking that was absolutely right, except it was a dissent. No, this is on – this is Judge Pius, page 1079. Oh, I thought you were citing Judge Kuczynski's dissent. No, that was – I was about to make another point, which is that even in the 70-year history of this statute, there is not a single case that either party can point to where somebody's actually been prosecuted as a 10-8-5-1 accessory after the fact. But I am trying to answer your hypothetical when you say – or when you're asking me why somebody couldn't be held guilty as an accessory based on the language of this case or your hypothetical. I'm saying because, at least in this case, the charging document, the last phrase, says, with intent, either permanently or temporarily, to deprive the owner of title or possession. At page 1079 of the Dahl, Judge Pius, for the majority, says it's impossible for the mens rea of the accessory after the fact  And on page 1080, he specifically says, one who is convicted as an accessory after the fact to theft cannot be said to have committed all elements of generic theft. And this last part's the most important, which includes the element of criminal intent to deprive the owner of rights and benefits of ownership. So if that – if the Dahl tells us that that intent, which is the intent of the principle, is not the same as an accessory after the fact, that's why, in this case, and your hypothetical, somebody couldn't be convicted as an accessory in effect based on this language. And the last thing I would say, the Witkin site that I provided earlier, section 113, that same section at page 100, Witkin, who's an authoritative source on California law, says the defendant may be charged both as a principle and an accessory, but the jury should be instructed to convict of only one offense. If this Court wants the strongest evidence of divisibility from an authoritative source of State law, which is the first step of Mathis, that is what the government would submit. Before you sit down, I have a question on a different point. Assuming divisibility of this statute, how can you win under Vidal? Because the underlying documents are virtually the same in this case as Vidal, and in Vidal we said that wasn't enough under the modified categorical approach. Again, I respectfully disagree basically two points. First of all, the documents here the government would submit are not the same. In Vidal, all you had was a charging document and a plea form, and that's why this Court says where is here the record consists only of those two documents. You need the critical phrase, as charged in. As this Court knows from the authorities we've cited, Vidal, I mean, that was ten years ago. It has been distinguished seven ways from Sunday. Any time you have a record that has more than those two documents and you don't have any ambiguity, here you have the plea colloquy, which the defense has moved in. Well, it's not much of a plea colloquy, and it does, as Judge Kleinfeld pointed out, use the disjunctive. But I would submit that that's not so. I don't know how that makes a difference. Here's the important thing, Your Honor. I mean, the charge is virtually identical, is identical, really, in this case and Vidal. In contrast, Duane S. Alvarez, the complaint alleged of taking without the owner's consent, as opposed to the generic words of the statute. So it's hard for me to draw any meaningful distinction between the documents in Vidal and this one. And when you say we've distinguished Vidal every way but Sunday, I mean, Vidal's an en banc case. It is. But a few points, Your Honor. In Vidal, one of the critical aspects of that decision was the en banc court said, here we don't have a transcript. And they said the unique thing about California state law with the People v. West plea, which is a NOLO plea, which is that prosecutors can amend a complaint without any formality. And the en banc court in Vidal specifically said, absent a clear hearing transcript, we have no idea of knowing if that happened. Plus, there was other ambiguities in the record. Here, you have this plea transcript. And, again, sure, it's not 30 pages. It's not a huge thing. But what's the most. That's about four lines, yeah. But what's the most important thing about those four lines? Zero mention whatsoever of any amendment. It's not, oh, I'm sorry, you realize you were charged with count one, but you're actually going to be pleading to accessory. The importance of the transcript for this, though, is the guy's lawyer has already explained to him what the state statute is, and he wants to plead NOLO, so the judge just uses the statutory language in a very terse formulation. So we know his lawyer has told him what the statute criminalizes, and it could even be the garage. And he could get a superseding, I don't know what you call it in California, whether it's a superseding complaint or what they call it, but it could be amended at trial to charge what he did, it looks like. Well, in here we have a guilty plea, and it wasn't amended. How do we know that he was pleading guilty to the or that was stated in court or the and that was stated in the complaint? Well, I don't know if we know that, but I would submit it's not dispositive because driving or taking are both the acts of a principal, and without any allegation in this record, Judge Thomas, nowhere. Not in the charge. You know, what about hiding, shielding the perpetrator from prosecution or imprisonment, punishment? That's what Judge Pius spent four pages of Vidal opinion on. That is why this is a fundamentally different crime. I would love to hear my opponent address that. Well, you will shortly. You're over time. I understand that. But, again, Your Honor, Witkin himself says if there's accessory and principal on this page 100 of the citation, the jury should be charged as to one. Thank you, counsel. Your Honors, my opponent raised a lot of arguments, and I'm happy to discuss whatever the court would like to discuss of those. But I just want to start off by pointing to a very important aspect of Mathis. And Mathis said something that no other court has said in terms of the divisibility analysis, which is that if the look at the case law, the documents, the jury instructions, the text doesn't satisfy Taylor's demand for certainty, then the inquiry is over. We have to presume that it's indivisible. For all the reasons set forth in Taylor, there would be an apprendi problem, there's problems with note, all of those things. I didn't hear Mr. Rahy respectfully say anything that shows me that Taylor's demand for certainty has been satisfied. He didn't cite a single California case. And, you know, I understand that Vidal said certain things, but the fact is that this is about Vidal, but it's also about looking to California case law. And you can cite Witkin or you can cite other things, but, frankly, nothing here has shown that Taylor's demand for certainty has been met. What is your response to your opposing counsel's contention that the complaint would have had to say for this fellow that he had the intent to shield the thief from criminal liability rather than the intent or separate from the intent to deprive the owner of his car? I would say that that wasn't good enough for the Vidal majority because, essentially, the Vidal majority said, look, this is the generic way that people are charged under California law. And if that needed to be charged in order for the person to be convicted as an accessory, then Vidal would have come out differently, but it didn't. So while certainly the content of Vidal is relevant here, the fact is that if the charging document had to charge a person specifically as an accessory, then Vidal would have come out different. That would be my response. And aside from the California cases you cited in your brief, do you have any other further California cases you want to draw our attention to? No, Your Honor. I would just point to those. Just discussing briefly one or two other arguments. So under the charge, could the guy with the garage in my hypothetical be convicted? Yes. Yes. And the reason is because California prosecutors charge everyone the same. Now, one of the things that Mr. ---- They just charge you with a violation of the statute in the words of the statute. They just charge you with unlawful driving and taking. That's how they do it. I'm sorry. You and I were talking at the same time. I'm sorry. What I wanted to know is, they just charge the defendant with a violation of the statute in the words of the statute? Exactly. And that's what the Vidal majority said. What about when it comes time for trial? Would the accessory after the fact defendant get a different instruction so that there's unanimity with regard to whether he's being convicted of a principle versus an accessory? At most at trial, the person would get an additional instruction. But what would happen is that the regular jury instruction stating the elements that we have set forth, that would be read, and then at most there would be an additional instruction read, but a jury would never be told you have to rely on this instruction or this instruction. It could rely on either. In fact, certain jurors could rely on one instruction. Certain jurors could rely on another instruction. The bottom line is that there's no ---- I'm sorry. I'm sorry. The jury would be told you can convict this fellow whether you think he drove the car away himself or whether you think all he did was store it in his garage with the door closed? The jury would be told you can't say that the person was convicted of both being a principle and an accessory. You can't find that. But that's a different instruction than saying, you have to find unanimously that this person acted as a principle or you have to find unanimously that the person acted as an accessory. So six people can find that he's a principle, six people can find that he's an accessory and still result in a conviction is what you're saying? Exactly. And that's exactly what happened in People v. Slayton, which was the case cited in Vidal and that was discussed in our briefing. So that's not a situation where, for instance, a jury would have to do a special verdict for him and say, we all find that he's a principle or we all find that he's an accessory. Some could think he's an accessory. Some could think he's a principle. So long as no one thought that he was both, that's fine under California law. And that's exactly the analysis that we have to do for divisibility here. And that's why we believe that the statute is indivisible.  Certainly, Your Honor. I think that what the Court stated is exactly right, that these documents are virtually identical to the documents in Vidal. And Mr. Reyes argued that they are more like those in Duenas-Alvarez. But first of all, we disagree with that. But even if that were true, this Court is actually bound by Vidal over Duenas-Alvarez because Vidal is en banc. And the fact is that if this Court takes a modified categorical analysis in Vidal, and doesn't apply that exact modified categorical analysis to a case where the documents are pretty much identical, then what goes the en banc opinion? Essentially, this Court would then be saying, no, we can't follow the modified categorical analysis in Vidal. And that's certainly not correct. I don't think you're right about us being able to ignore Duenas-Alvarez if we think it conflicts with Vidal. When a subsequent panel distinguishes an en banc and the subsequent panel's decision does not itself get overturned en banc, it's binding law on us. If Your Honor takes that position, then we would still disagree that the documents here resemble those in Duenas-Alvarez more than that they do. You have to distinguish Duenas. You can't satisfy us that we can ignore it. Then what I would say, Your Honor, is that Duenas twice referred to a taking. Referred to what? Referred to a taking. It referred to a taking. And then it also referred to specifically auto theft. Whereas here, in our case, the complaint said unlawful driving and taking. And the conviction, the judgment, just said 10851. And that's pretty much exactly what Vidal said. So at a minimum, Your Honor, the documents here are much more closely aligned with those in Vidal than in Duenas-Alvarez. Thank you, Counsel. Thank you, Your Honor. The case just argued will be submitted for decision. Thank you for your arguments. We started down this road on Taylor many years ago, and now the Supreme Court set us on a different path, so I think we will be at these for a long time.
judges: Kleinfeld, Thomas, Nguyen